**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 14 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MINGQING CHEN,<br><br>        Petitioner,<br><br>    v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>        Respondent. | No. 22-769<br><br>Agency No.<br>A212-959-668<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 8, 2023[**]
Honolulu, Hawaii

Before: BADE, BUMATAY, and SANCHEZ, Circuit Judges.

Mingqing Chen, a native and citizen of China, seeks review of the Board of Immigration Appeals' ("BIA") decision affirming the immigration judge's ("IJ") denial of his applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

under 8 U.S.C. § 1252. Reviewing for substantial evidence, *Wang v. Sessions*, 861 F.3d 1003, 1007 (9th Cir. 2017), we deny the petition.[1]

Substantial evidence supports the BIA's adverse credibility determination. "We review adverse credibility findings for substantial evidence, and must uphold them unless the evidence *compels* a contrary result." *Singh v. Holder*, 643 F.3d 1178, 1180 (9th Cir. 2011). Chen first argues that the IJ erred by admitting his asylum interview notes because the notes were not a verbatim transcript of the interview. But so long as the notes contain "sufficient indicia of reliability," they are admissible impeachment evidence. *Mukulumbutu v. Barr*, 977 F.3d 924, 926 (9th Cir. 2020). Here, because Chen's interview was conducted under oath with help from an interpreter and the notes contain a record of questions and answers during the interview, the notes were properly admitted. *See id.*

The BIA also noted several inconsistencies in Chen's testimony at his asylum interview and his hearing before the IJ regarding the dates and frequency of his church attendance and the date on which he first saw his detention notice. Chen argues the contradictions in his testimony are "minor inconsistencies," attributable to his nervousness during the proceedings. But the IJ and BIA were

---

[1] Although Chen raised a CAT claim before the IJ, he did not meaningfully challenge the denial of the claim before the BIA and fails to make any argument regarding CAT relief in our court. Thus, we do not address the issue. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079–80 (9th Cir. 2013) ("[T]his court will not ordinarily consider matters 'that are not specifically and distinctly argued in [the petitioner]'s opening brief.'" (quoting *Koerner v. Grigas*, 328 F.3d 1039, 1048 (9th Cir. 2003)).

not required to accept Chen's explanation for his inconsistent testimony. *See Li v. Garland*, 13 F.4th 954, 961 (9th Cir. 2021) (holding that, even if the petitioner's explanation were reasonable, "the IJ and Board were not compelled to accept [the petitioner's] explanation for the discrepancy"). Nor are the discrepancies so "trivial" as to "have no bearing on [Chen's] veracity," such that they "should not form the basis of an adverse credibility determination." *Shrestha v. Holder*, 590 F.3d 1034, 1044 (9th Cir. 2010). For example, Chen's testimony during his asylum interview that he attended church only "two times" in China contradicts his testimony before the IJ that he attended church "[t]hree to four times a month" in China. Because the evidence does not compel the conclusion that Chen testified credibly, we deny Chen's petition.

**PETITION DENIED.**